# UNITED STATES DISTRICT COURT
for the
Southern District of California

FILED
JUN 1 4 2019
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ MO _____ DEPUTY

In the Matter of the Search of  )
*(Briefly describe the property to be searched or identify the person by name and address)*  )
)  Case No.
ZTE cellular phone, Model Z835  )
IMEI: 866964035588516 Serial Number: 329F76794  )

19MJ9763

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:
See Attachment A (incorporated herein)

located in the ___Southern___ District of ___California___, there is now concealed *(identify the person or describe the property to be seized)*:
See Attachment B (incorporated herein)

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
☑ evidence of a crime;
☑ contraband, fruits of crime, or other items illegally possessed;
☑ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. 952, 960, 963 | Importation of a Controlled Substance |

The application is based on these facts:
See Affidavit of Christian Schultz (incorporated herein)

☑ Continued on the attached sheet.
☐ Delayed notice of ____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

HSI Special Agent Christian Schultz
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 6/14/19

*Judge's signature*

City and state: El Centro, CA

Hon. Ruth Bernmudez Montenegro, U.S. Mag. Judge
*Printed name and title*

# ATTACHMENT A

# PROPERTY TO BE SEARCHED

The property to be searched in connection with an investigation of violations of Title 21, United States Code Sections 841, 846, 952, 960, and 963, is described below:

ZTE cellular phone
Model Z835
IMEI: 866964035588516
Serial Number 329F76794BBA

It is currently in the possession of the United States the Department of Homeland Security, Immigration and Customs Enforcement, Homeland Security Investigations, Special Agent in Charge 2051 North Waterman Avenue, El Centro, California 92243.

## ATTACHMENT B
## ITEMS TO BE SEIZED

Authorization to search the Target Telephone described in Attachment A includes the search of disks, memory cards, deleted data, remnant data, slack space, and temporary or permanent files contained on or in the cellular telephone. The seizure and search of the Target Telephone will be conducted in accordance with the affidavit submitted in support of the warrant.

The evidence to be seized from the Target Telephone described in Attachment A will be electronic records, communications, and data such as emails, text messages, photographs, audio files, videos, and location data, for the period from January 20, 2019 through April 20, 2019:

1. Communications, records, or data including but not limited to emails, text messages, photographs, audio files, videos, or location data:
   a. tending to indicate efforts to smuggle narcotics from Mexico to the United States and within the United States;
   b. tending to identify other facilities, storage devices, or services—such as email addresses, IP addresses, phone numbers—that may contain electronic evidence tending to indicate efforts to smuggle narcotics from Mexico to the United States and within the United States;
   c. tending to identify co-conspirators, criminal associates, or others involved in smuggling narcotics from Mexico to the United States and within the United States;
   d. tending to identify travel to or presence at locations involved in the smuggling of narcotics from Mexico to the United States and within the United States, such as stash houses, load houses, or delivery points.
   e. tending to identify the user of, or persons with control over or access to, the subject phones; or
   f. tending to place in context, identify the creator or recipient of, or establish the time of creation or receipt of communications, records, or data above.

which are evidence of violations of Title 21, United States Code, Sections 952, 960, and 963.

The seizure and search of the cellular phone shall follow the procedures outlined in the supporting affidavit.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| IN THE MATTER OF THE SEARCH OF<br><br>ZTE cellular phone<br>Model Z835<br>IMEI: 866964035588516<br>Serial Number 329F76794BBA | Case No.:<br><br>AFFIDAVIT OF SPECIAL AGENT Christian Schultz IN SUPPORT OF SEARCH WARRANT |
|---|---|

### AFFIDAVIT

I, Christian Schultz, Special Agent with the United States Department of Homeland Security, Homeland Security Investigations ("HSI") having been duly sworn, hereby state as follows:

### INTRODUCTION

1. I make this affidavit in support of an application for a search warrant in furtherance of a narcotics smuggling investigation conducted by Department of Homeland Security agents for the following target property seized from Santos Eduardo ARANDA Esquivel (hereinafter "ARANDA") on and about April 19, 2019:

   **ZTE cellular phone**
   **Model Z835**
   **IMEI: 866964035588516**
   **Serial Number 329F76794BBA**
   **(the "Target Telephone")**

2. The Target Telephone was seized from ARANDA on April 19, 2019, at the Calexico, California West Port of Entry when ARANDA was arrested for violations of Title 21, United States Code Sections 952, 960, and 963.

3. Probable cause exists to believe that the Target Telephone contains evidence relating to violations of Title 21, United States Code, Sections 841, 846, 952, 960, and 963. Specifically, I have probable cause to believe ARANDA used the Target Telephone to communicate with co-conspirators during the drug smuggling event. Probable cause

exists to believe that the Target Telephone contains evidence relating to violations of Title 21, United States Code Sections 841, 846, 952, 960, and 963.

4.   The Target Telephone is currently in the possession of the Department of Homeland Security, Immigration and Customs Enforcement, Homeland Security Investigations, Special Agent in Charge 2051 North Waterman Avenue, El Centro, California 92243.

5.   Because this affidavit is submitted for the limited purpose of establishing probable cause in support of the application for a search warrant, it does not set forth each and every fact that I or others have learned during the course of this investigation.

6.   Based upon my experience and training, and all the facts and opinions set forth in this Affidavit, I believe the items to be seized set forth in Attachment B (incorporated herein) will be found in the items to be searched as described in Attachment A (incorporated herein). These items may be or lead to: (1) evidence of the existence of drug trafficking in violation of Title 21, United States Code Sections 841, 846, 952, 960, and 963; (2) contraband, fruits of crime, or things otherwise criminally possessed; and (3) property designed or intended for use, or which is or has been used as a means of committing criminal offenses.

## EXPERIENCE AND TRAINING

7.   I am a Special Agent of the United States Department of Homeland Security (DHS), Immigration and Customs Enforcement (ICE), Homeland Security Investigations (HSI) and have been so employed since September 2018. I am an investigative or law enforcement officer of the United States within the meaning of 18 U.S.C. § 2510(7). I am empowered to conduct investigations of and to make arrests for, offenses enumerated in 18 U.S.C. § 2516. I am cross-designated by the United States Drug Enforcement Administration to conduct narcotics investigations and to enforce provisions of the Federal Controlled Substance Act, pursuant to Title 21 of the United States Code.

8.   I am a graduate of the Criminal Investigator Training Program and the Homeland Security Investigations Special Agent Training Program at the Federal Law

Enforcement Training Center (FLETC). During the course of my training at FLETC, I learned fundamentals of how to conduct criminal investigations including, but not limited to, gathering of evidence, preservation of a crime scene, and use of electronic evidence, all in relation to violations of the United States Code.

9. Prior to my work as an HSI Special Agent, I was employed as a United States Customs and Border Protection Officer (CBPO) with Customs and Border Protection. I am presently assigned to the HSI Imperial Valley Border Enforcement Security Task Force (IVBEST) Human Trafficking and Human Smuggling Group in El Centro, California.

10. By virtue of my employment and experience as a CBP Officer and a Special Agent with HSI, I have received training and performed various tasks, which include, but are not limited to:

    a. Functioning as a surveillance agent and thereby observing and recording movements of persons trafficking in controlled substances and those suspected of trafficking in controlled substances;

    b. Participating in the tracing of monies and assets gained by controlled substance traffickers from the illegal sale of controlled substances and/or the laundering of monetary instruments;

    c. Interviewing witnesses, cooperating individuals, and informants relative to the illegal trafficking of controlled substances and the distribution of monies and assets derived from the illegal trafficking of controlled substances (laundering of monetary instruments).

11. Through the course of my training, experience, investigations, and conversations with other law enforcement personnel, I am aware that it is a common practice for drug smugglers to work in concert with other individuals and to do so by utilizing cellular telephones, pagers and portable radios to maintain communications with co-conspirators in order to further their criminal activities. This is particularly true in cases involving distribution amount quantities of hard drugs, such as cocaine, heroin, and methamphetamine. Typically, load drivers smuggling controlled substances across the

3

border are in telephonic contact with co-conspirators immediately prior to and following the crossing of the load vehicle, at which time they receive instructions on how to cross and where and when to deliver the controlled substance. Drug smugglers and their organizations use cellular and digital telephones, in part, because these individuals believe law enforcement cannot track the originating and destination phone numbers of calls placed to and from cellular and digital telephones.

12. Based upon my training and experience as a Special Agent, and consultations with law enforcement officers experienced in narcotics smuggling investigations, I am also aware that:

    a. Drug smugglers will use cellular telephones because they are mobile and they have instant access to telephone calls, text, web, and voice messages;

    b. Drug smugglers will use cellular telephones because they are able to actively monitor the progress of their illegal cargo while the conveyance is in transit;

    c. Drug smugglers and their accomplices will use cellular telephones because they can easily arrange and/or determine what time their illegal cargo will arrive at predetermined locations;

    d. Drug smugglers will use cellular telephones to direct drivers to synchronize an exact drop off and/or pick up time of their illegal cargo;

    e. Drug smugglers will use cellular telephones to notify or warn their accomplices of law enforcement activity to include the presence and posture of marked and unmarked units, as well as the operational status of checkpoints and border crossings; and

    f. The use of cellular telephones by smugglers tends to generate evidence that is stored on the cellular telephones, including, but not limited to emails, text messages, photographs, audio files, call logs, address book entries, IP addresses, social network data, and location data.

13. Based upon my training and experience as a Special Agent, and consultations with law enforcement officers experienced in narcotics smuggling investigations, and all

the facts and opinions set forth in this affidavit, I know that cellular/mobile telephones can and often do contain electronic records, phone logs and contacts, voice and text communications, and data such as emails, text messages, chats and chat logs from various third-party applications, photographs, audio files, videos, and location data. This information can be stored within disks, memory cards, deleted data, remnant data, slack space, and temporary or permanent files contained on or in the cellular/mobile telephone. Specifically, I know based upon my training, education, and experience investigating these conspiracies that searches of cellular/mobile telephones yields evidence:

    a. tending to identify attempts to import methamphetamine or some other controlled substance from Mexico into the United States;

    b. tending to identify accounts, facilities, storage devices, and/or services–such as email addresses, IP addresses, and phone numbers–used to facilitate the importation methamphetamine or some other controlled substance from Mexico into the United States;

    c. tending to identify co-conspirators, criminal associates, or others involved in the importation of methamphetamine, heroin or some other controlled substance from Mexico into the United States;

    d. tending to identify travel to or presence at locations involved in the importation of methamphetamine, heroin or some other controlled substance from Mexico into the United States, such as stash houses, load houses, or delivery points;

    e. tending to identify the user of, or persons with control over or access to, the subject telephone; and/or

    f. tending to place in context, identify the creator or recipient of, or establish the time of creation or receipt of communications, records, or data involved in the activities described above.

### FACTS SUPPORTING PROBABLE CAUSE

14. On April 19, 2019, at approximately 9:07 p.m., ARANDA drove a 2012 Chevy Malibu, bearing a California license plate, 6SOX950, to the Calexico West Port of

Entry in California to make entry into the United States. According to records checks, the vehicle is registered to another individual, but ARANDA told CBP Officers it was his vehicle.

15. Before entering the secondary area, ARANDA was instructed to drive through the Z-Portal machine, which conducts an X-ray of the vehicle. CBP Officer Zaragoza, who was the Z-Portal operator, noticed anomalies in all four of the vehicle doors and immediately notified Supervisory Customs and Border Protection Officer (SCBPO) Nunez.

16. In the vehicle secondary area, Canine Enforcement Officer (CEO) Cuen was requested to conduct a sweep of the vehicle with his assigned Human and Narcotics Detector Dog (HNDD), which resulted in a positive alert to the exterior of the vehicle.

17. The vehicle was then escorted to the hydraulic lift for further inspection. Based on the location of the anomalies identified by the Z Portal, the door panels were removed. CBP Officers' Roberts, Hewett, Perez, and CEO Mendez found multiple vacuum-sealed plastic wrap packages concealed within all four doors of the vehicle.

18. A random package was probed and the crystal-like substance inside was field tested by SCBPO Coronado using a Gemini analyzer, which resulted in a positive test for methamphetamine. A total of 30 packages of methamphetamine weighing approximately 14.86 kilograms (32.76 pounds) were removed from the door panels.

19. Incident to the arrest, CBP Officer Roberts seized the Target Telephone. The Target Telephone was found in the center console cup holder of the vehicle.

20. Based upon my experience and investigation in this case, I believe that ARANDA, as well as other persons as yet unknown, were involved in an ongoing conspiracy to import methamphetamine. Based on my experience investigating narcotics smugglers, I also believe that ARANDA may have used the Target Telephone to coordinate with co-conspirators regarding the importation and distribution of the methamphetamine, and to otherwise further this conspiracy both inside and outside of the United States. I also know that recent calls made and received, telephone numbers, contact

names, electronic mail (email) addresses, appointment dates, text messages, pictures and other digital information are stored in the memory of cellular telephone which may identify other persons involved in narcotics trafficking activities.

21. Based upon my experience and training, consultation with other law enforcement officers experienced in narcotics trafficking investigations, and all the facts and opinions set forth in this affidavit, I believe that information relevant to the narcotics smuggling activities of ARANDA and co-conspirators, such as telephone numbers, made and received calls, contact names, electronic mail (email) addresses, appointment dates, messages, pictures and other digital information are stored in the memory of the cellular telephone described herein. I believe that relevant information is stored on Target Telephone from January 20, 2019 through April 20, 2019.

## **METHODOLOGY**

22. It is not possible to determine, merely by knowing the cellular telephone's make, model and serial number, the nature and types of services to which the device is subscribed and the nature of the data stored on the device. Cellular devices today can be simple cellular telephone and text message devices, can include cameras, can serve as personal digital assistants and have functions such as calendars and full address books and can be mini-computers allowing for electronic mail services, web services and rudimentary word processing. An increasing number of cellular service providers now allow for their subscribers to access their device over the internet and remotely destroy all of the data contained on the device. For that reason, the device may only be powered in a secure environment or, if possible, started in "flight mode" which disables access to the network. Unlike typical computers, many cellular telephone do not have hard drives or hard drive equivalents and store information in volatile memory within the device or in memory cards inserted into the device. Current technology provides some solutions for acquiring some of the data stored in some cellular telephone models using forensic hardware and software. Even if some of the stored information on the device may be acquired forensically, not all of the data subject to seizure may be so acquired. For devices

7

that are not subject to forensic data acquisition or that have potentially relevant data stored that is not subject to such acquisition, the examiner must inspect the device manually and record the process and the results using digital photography. This process is time and labor intensive and may take weeks or longer.

23. Following the issuance of this warrant, I will collect the Target Telephone and subject it to analysis. All forensic analysis of the data contained within the Target Telephone and its memory cards will employ search protocols directed exclusively to the identification and extraction of data within the scope of this warrant.

24. Based on the foregoing, identifying and extracting data subject to seizure pursuant to this warrant may require a range of data analysis techniques, including manual review, and, consequently, may take weeks or months. The personnel conducting the identification and extraction of data will complete the analysis within ninety (90) days, absent further application to this court.

## CONCLUSION

25. Here, probable cause exists based on multiple facts. First, CBP Officers removed a total of 30 packages of methamphetamine weighing approximately 14.86 kilograms (32.76 pounds) removed from the door panels in the vehicle driven by ARANDA, and in which he was the sole occupant. Further, the quantity, type and value of the drugs in the vehicle suggest ARANDA knew he was importing drugs into the United States. Based on all of the facts and circumstances described above, I believe that probable cause exists to conclude that ARANDA used the Target Telephone to facilitate the offense of importing methamphetamine. The Target Telephone was likely used to facilitate the offense by transmitting and storing data, which constitutes evidence, fruits, and instrumentalities of violations of Title 21, United States Code, Sections 841, 846, 952, 960 and 963.

26. I also believe that probable cause exists to believe that evidence, fruits and instrumentalities of illegal activity committed by ARANDA continues to exist on the Target Telephone.

27. Based upon my experience and training, consultation with other agents in narcotics investigations, consultation with other sources of information, and the facts set forth herein, I know that the items to be seized set forth above in Paragraph 3 are likely to be found in the property to be searched described above in Paragraph 1. Therefore, I respectfully request that the Court issue a warrant authorizing me, an Agent with DHS, or another federal law enforcement agent specially trained in digital evidence recovery, to search the items described in Attachment A, and seize the items listed in Attachment B. I swear the foregoing is true and correct to the best of my knowledge and belief.

Christian Schultz
Special Agent
Homeland Security Investigations

Subscribed and sworn to before me this 14th day of June 2019.

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES MAGISTRATE JUDGE

9